Angele Motlagh (State Bar No. 228588)
JONES DAY
3 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539
Email:         amotlagh@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA ARREDONDO, an individual;<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX, is a Corporation; EXPERIAN INFORMATION SYSTEMS; DIRECT TV, a business entity, form unknown; ANDERSON CRENSHAW; TECHNICO TV, INC.; and DOES 2-10, Inclusive,<br><br>Defendants. | Case No. CV09-00426 VBF (RZx)<br><br>**STIPULATED PROTECTIVE ORDER** |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

IT IS HEREBY STIPULATED by and between Plaintiff Carla Arredondo ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian"); Equifax and Anderson Crenshaw ("Anderson"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets[1], confidential research, development, technology or other proprietary

---

[1] The term "trade secrets" as defined by California Civil Code § 3426.1: shall be fully incorporated here as: "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value

STIPULATED PROTECTIVE ORDER

1  information belonging to the defendants and/or personal income, credit and other
2  confidential information of Plaintiff.
3        THEREFORE, an Order of this Court protecting such confidential
4  information shall be and hereby is made by this Court on the following terms:
5        1.    This Order shall govern the use, handling and disclosure of all
6  documents, testimony or information produced or given in this action which are
7  specifically identified by Paragraph 12 of this Order and in accordance with the
8  terms hereof.
9        2.    Documents or other materials identified in Paragraph 12 of this Order
10 shall be stamped or otherwise marked on the front of the document or portion(s)
11 thereof "Confidential" by the designating party.
12       3.    To the extent any motions, briefs, pleadings, deposition transcripts, or
13 other papers to be filed with the Court incorporate documents or information
14 subject to this Order, the party who intends to file such papers shall give five court
15 days' notice to the party who designated such materials as "Confidential," so that
16 the designating party has the opportunity to file the application required pursuant to
17 Central District Local Rule 79-5.1 for such papers to be filed under seal.  The filing
18 party shall cooperate with the designating party to allow the application to be filed
19 along with the Confidential documents or information.
20       4.    All documents, transcripts, or other materials subject to this Order, and
21 all information derived therefrom (including, but not limited to, all testimony,
22 deposition, or otherwise, that refers, reflects or otherwise discusses any information
23 designated Confidential hereunder), shall not be used, directly or indirectly, by any
24 person, including the other defendants, for any business, commercial or competitive

---

(continued…)

from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

1  purposes or for any purpose whatsoever other than solely for the preparation and
2  trial of this action in accordance with the provisions of this Order.

3        5.      Except with the prior written consent of the individual or entity
4  asserting confidential treatment, or pursuant to prior Order after notice, any
5  document, transcript or pleading given confidential treatment under this Order, and
6  any information contained in, or derived from any such materials (including but not
7  limited to, all deposition testimony that refers, reflects or otherwise discusses any
8  information designated confidential hereunder) may not be disclosed other than in
9  accordance with this Order and may not be disclosed to any person other than: (a)
10  the Court and its officers; (b) parties to this litigation; (c) counsel for the parties,
11  whether retained counsel or in-house counsel and employees of counsel assigned to
12  assist such counsel in the preparation of this litigation; (d) fact witnesses subject to
13  a proffer to the Court or a stipulation of the parties that such witnesses need to
14  know such information; and (e) present or former employees of the producing party
15  in connection with their depositions in this action (provided that no former
16  employees shall be shown documents prepared after the date of his or her
17  departure); and (f) Experts specially retained as consultants or expert witnesses in
18  connection with this litigation.

19        6.      All persons receiving any or all documents produced pursuant to this
20  Order shall be advised of their confidential nature.  All persons to whom
21  confidential information and/or documents are disclosed are hereby enjoined from
22  disclosing same to any other person except as provided herein, and are further
23  enjoined from using same except in the preparation for and trial of the above-
24  captioned action between the named parties thereto.  No person receiving or
25  reviewing such confidential documents, information or transcript shall disseminate
26  or disclose them to any person other than those described above in Paragraph 5 and
27  for the purposes specified, and in no event shall such person make any other use of
28  such document or transcript.

1  7. Nothing in this Order shall prevent a party from using at trial any
2  information or materials designated "Confidential."

3  8. This Order has been agreed to by the Parties to facilitate discovery and
4  the production of relevant evidence in this action.  Neither the entry of this Order,
5  nor the designation of any information, document, or the like as "Confidential," nor
6  the failure to make such designation, shall constitute evidence with respect to any
7  issue in this action.

8  9. Within sixty (60) days after the final termination of this litigation, all
9  documents, transcripts, or other materials afforded confidential treatment pursuant
10 to this Order, including any extracts, summaries or compilations taken therefrom,
11 but excluding any materials which in the good faith judgment of counsel are work
12 product materials, shall be returned to the individual or entity having produced or
13 furnished same.  The requirement to return confidential documents to the
14 designating party does not include any documents in the Court's possession, but
15 does include copies of such documents in any party's possession.

16 10. In the event that any party to this litigation disagrees at any point in
17 these proceedings with any designation made under this Protective Order, the
18 parties shall follow the procedures set forth in Central District Local Rule 37.
19 During the pendency of any challenge to the designation of a document or
20 information, the designated document or information shall be continue to be treated
21 as "Confidential" subject to the provisions of this Protective Order.

22 11. Nothing herein shall affect or restrict the rights of any party with
23 respect to its own documents or to the information obtained or developed
24 independently of documents, transcripts and materials afforded confidential
25 treatment pursuant to this Order.
26 ////
27 ////
28 ////

**GOOD CAUSE STATEMENT**

12. The Parties seek confidential protection for all documents, testimony, transcripts or other materials and the information contained therein, designated as "Confidential" and produced by any party or non-party in this action. For example, the documents to be produced by defendant Experian contain critical information regarding its computer systems involved in credit reporting. Experian's credit-reporting businesses relies on the use of its computer hardware and software. Experian has worked hard and incurred great cost to update their computer hardware and software to create the best possible credit-reporting system.

13. Specifically, Experian seeks confidential protection for documents titled Transaction Log; Disclosure Log; D/R Log; and Admin Report. Each of these documents contains critical information regarding Experian's computer systems involved in credit reporting.

14. In order to operate national credit reporting services, defendant Experian had to design its unique computer systems to process information received from tens of thousands of diverse lenders and other entities involved in the credit industry, from the public record and from other sources. Extremely sophisticated and unique computer software design was necessary to allow Experian to process that information in the form of credit reports as accurately as possible when a customer applies for credit. Experian has spent hundreds of millions of dollars and countless hours of employee time developing their unique and sophisticated computer systems.

15. The sophistication of Experian's computer systems is a major advantage for it in the marketplace. Were information about its highly sophisticated computer systems to get into the hands of its competitors, it would enable the competitors to enhance their own systems and, in so doing, remove the marketing edge currently enjoyed by Experian. Similarly, were information about its design and workings to get into the hands of a would-be competitor, it would

1  greatly facilitate that would-be competitor's efforts to develop its own sophisticated
2  computer system. Each of these would have a serious financial impact on Experian.
3  Were this same type of information to get into criminal hands, it would facilitate the
4  efforts of those who seek to improperly access Experian's files on consumers and
5  perpetrate identity fraud. It would also facilitate the efforts of those who seek to
6  make changes to information in consumers' files. In addition to impairing the
7  privacy of consumers, such actions could lead to a loss of confidence in defendant
8  Experian. This loss of confidence, critical in the credit reporting business, could
9  put Experian out of business.

10        16.   Plaintiff and Defendants will be disclosing Plaintiff's sensitive
11 personal information, and confidential information of other individuals may also be
12 disclosed. It is extremely important that this information remain protected and not
13 be readily available due to the dangers of identity theft.

15 Dated:     June 18, 2009              BRENNAN, WIENER & ASSOCIATES

17                                       By:  s/ Robert F. Brennan
                                              Robert F. Brennan
18
19                                       Attorneys for Plaintiff
                                         CARLA ARREDONDO

22 Dated:     June 18, 2009              JONES DAY

24                                       By:  s/ Angele Motlagh
                                              Angele Motlagh
25
26                                       Attorneys for Defendant
                                         EXPERIAN INFORMATION
                                         SOLUTIONS, INC.

| | | |
|---|---|---|
| 1 | Dated:   June 18, 2009 | CARLSON & MESSER |
| 2 | | |
| 3 | | By:  s/ David J. Kaminski |
| 4 | | David J. Kaminski |
| 5 | | Attorneys for Defendant ANDERSON CRENSHAW |
| 6 | | |
| 7 | Dated:   June 18, 2009 | KING & SPAULDING, LLP |
| 8 | | |
| 9 | | By:  s/ Cara Hergenroether |
| | | Cara Hergenroether |
| 10 | | Attorneys for Defendant EQUIFAX |

After considering the Stipulated Protective Order executed by all parties and upon good cause showing,

**IT IS HEREBY ORDERED THAT**:

The Stipulation is Granted.  However, the order shall not govern use of materials in connection with dispositive motions or at trial.  If protection is desired in connection with such proceedings, it must be sought separately, from the judicial officer who will preside at those proceedings.

Dated: June 30, 2009

_____
MAGISTRATE JUDGE OF THE
UNITED STATES DISTRICT COURT